IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES C. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 2:05CV219-F |
| | ) |
| CUNA MUTUAL GROUP INSURANCE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is presently before the court on plaintiff's opposition to the defendants' motion to transfer (Doc. # 7), which the court construes as a motion to remand, and plaintiff's motion for clarification, in which he asks the court to clarify whether this action is pending in this court or in state court (Doc. # 9).

In his opposition to the motion to transfer (motion to remand), plaintiff cites authority for the proposition that the state circuit court has jurisdiction over this action. However, plaintiff is advised that 28 U.S.C. § 1441 and § 1332 permit removal of an action from state court to federal court where the action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00. Plaintiff does not dispute defendants' assertions regarding citizenship in their notice of removal. In his complaint, plaintiff seeks damages of $175,000.00 against defendant CUNA Mutual Group and $175,000.00 against defendant Rohm & Haas Monument Area Federal Credit Union. (See Complaint, p. 9, "Prayer for Relief"). Thus, this court has diversity jurisdiction over this matter, and the

defendants properly effected the removal of this action by filing a notice of removal as set forth in 28 U.S.C. § 1446.[1]

Accordingly, it is

ORDERED that the motion for clarification (Doc. # 9) is GRANTED, and plaintiff is advised that the action has been removed to this court and is no longer pending in the Circuit Court of Montgomery County, Alabama.

Further, for the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the motion to remand (Doc. # 7) be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to the said Recommendation on or before April 11, 2005.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144,

---

[1] No court order is required to remove an action from state court to federal court.

1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 29th day of March, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE